United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-60276

EXXON MOBIL CORPORATION AND AFFILIATED COMPANIES,

Petitioner,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent.

Appeal from a Decision of the United States Tax Court

Before DAVIS, DENNIS and PRADO, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Overpayments of tax to the Internal Revenue Service earn interest (compounded daily) from the date paid to the IRS until refunded to the taxpayer. Effective January 1, 1995, section 6621(a)(1) of the Internal Revenue Code was amended to provide that "to the extent that an overpayment of tax by a corporation for any taxable period . . . exceeds $10,000," the rate at which the government pays interest on the overpayment is reduced. The issue in this case is whether the Tax Court correctly held that interest that had accrued[1] on taxpayer's overpayments of tax as of December 31, 1994, compounds thereafter at this lower rate. Based on the plain language of the statute, we conclude that the reduced rate applies and affirm.

---

[1] The word "accrue" is an accounting term that means to record or calculate an item of income or expense that has not yet been paid. http://en.wikipedia.org/wiki/Accrual (accessed: March 23, 2007). Accrued interest is interest that is due or earned as of a certain calculation date but which has not yet been paid. Because of interest compounding, accrued interest continues to earn interest, just as does the principal amount of the tax overpayment.

I.

Section 6611 of the Internal Revenue Code provides that interest is allowed and paid on any overpayment of tax at the overpayment rate established in § 6621.[2] Section 6622, added in 1982, states that interest shall be compounded daily. 26 U.S.C. § 6622.

Prior to 1995 when the amendment at issue became effective, section 6621 set the interest rate on overpayments of tax by corporations at 2 points higher than the federal short-term interest rate (the "regular rate"). 26 U.S.C. § 6621(a), (b). In 1994, section 6621 was amended to implement the Uruguay Round trade agreements concerning the GATT tariff regime. The amendment reduced the interest rate the government pays on certain corporate tax overpayments. The amendment took the form of a sentence added to the end of section 6621(a)(1) and applies "for purposes of determining interest for periods after December 31, 1994." Uruguay Round Agreements Act, Pub.L.No. 103-465, § 713(b), 108 Stat. 4809, 5002 (1994).

As amended, section 6621 reads as follows:

**§ 6621. Determination of rate of interest.**

(a) General rule.
    (1) Overpayment rate. The overpayment rate established under this section shall be the sum of--
        (A) the Federal short-term rate determined under subsection (b), plus
        (B) 3 percentage points (2 percentage points in the case of a corporation).

---

[2] **§ 6611. Interest on overpayments.**
(a)    Rate. Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621.

26 U.S.C. § 6611.

> *To the extent that an overpayment of tax by a corporation for any taxable period (as defined in subsection (c)(3), applied by substituting "overpayment" for "underpayment") exceeds $ 10,000, subparagraph (B) shall be applied by substituting "0.5 percentage point" for "2 percentage points".*

26 U.S.C. § 6621.  The GATT amendment is in *italics*.

## II.

The parties stipulated to the following facts before the Tax Court.

> Petitioners' corporate Federal income tax returns for 1979 through 1985 were timely filed with respondent. On each of those tax returns as filed, petitioners reported tax overpayments in excess of $ 10,000 and claimed refunds or credit transfers of the tax overpayments, which respondent allowed and credited in favor of petitioners.

> Upon audit, respondent determined substantial deficiencies in petitioners' Federal income taxes for 1979 through 1985.

> During the course of respondent's audits, petitioners' administrative appeals, and the litigation of these and related cases, [footnote omitted] petitioners made a number of substantial advance payments to respondent of taxes and of interest with respect to each of the tax deficiencies determined by respondent against petitioners for 1979 through 1985.

> As of the January 1, 1995, effective date of the above GATT amendment to section 6621(a)(1), with respect to each of the years 1979 through 1985, petitioners had received from respondent refunds of tax overpayments far in excess of $ 10,000, and petitioners still had outstanding with respondent overpayments of tax in excess of $ 10,000.

> After the litigation and after settlement between the parties of many issues, all underlying tax issues relating to the Federal income taxes of petitioners for 1979 through 1985 have been resolved, and decisions have been entered in each of these consolidated cases.

Exxon Mobil Corp. v. Comm'r, 126 T.C. 36, 37-38 (T.C. 2006).  In summary, Exxon's tax overpayment related to tax years 1979 to 1985 was over $567 million.  Interest due from the IRS to Exxon on the $567 million tax overpayment on December 31, 1994 was over $491 million

3

(referred to herein as "overpayment interest").

In July 2005, the Commissioner refunded all overpayments with interest computed at the GATT rate on all amounts due to Exxon after January 1, 1995 (in total over $1.75 billion). The case came before the Tax Court on Exxon's motion for a redetermination of interest computed on the overpayment. Exxon asserted that starting on January 1, 1995 interest due to them on the $491 million of overpayment interest as of December 31, 1994, should have been computed at the regular rate, as opposed to the lower GATT rate, for the period between January 1, 1995 (the effective date of the GATT Amendment) and July, 2005, the date of the refund. The additional interest Exxon is claiming was approximately $140 million as of July 2005.

The Tax Court denied the motion. Id. Exxon appeals.

### III.

This case concerns the proper rate of interest to be applied to overpayment interest after January 1, 1995, the effective date of the GATT Amendment, and until refunded to the taxpayer. The resolution of this issue requires interpretation of the statute, which is an issue of law subject to *de novo* review. Compaq Computer Corp. v. Comm'r, 277 F.3d 778, 780 (5th Cir. 2001).

Exxon recognizes that prior to the GATT Amendment, § 6621 provided a single interest rate applicable to an overpaying taxpayer's entire overpayment, that is both the overpaid taxes and interest thereon. It reads § 6621 following the adoption of the GATT Amendment as introducing the possibility of having different interest rates apply to different portions of the total amount owed by the government to a taxpayer.

The parties agree that because the GATT Amendment contains the language "to the extent that an overpayment of tax . . . exceeds $10,000, " the first $10,000 of overpaid taxes earns

4

interest at the old regular rate. They also agree that an overpayment of tax in excess of $10,000 accrues interest at the new GATT rate. But because the GATT Amendment refers only to "an overpayment of <u>tax</u>", Exxon argues that earned but unpaid interest as of the effective date of the amendment should also draw interest at the old regular rate.

As explained by the Tax Court, Exxon reads the language of section 6621(a)(1) ("to the extent that an overpayment of tax . . . exceeds $10,000") as limiting the application of the GATT rate to only the "overpaid taxes" and interest accruing on the overpaid taxes after December 31, 1994, because the overpayment interest on the transition date is neither a "tax" nor something that was "overpaid." <u>Exxon</u>, 126 T.C. at 40. As interpreted by the Tax Court, Exxon would place their overpayment into three baskets as of January 1, 1995: (1) interest on their overpayment of tax up to $10,000, (2) interest on their overpayment of tax over $10,000 ($567 million less $10,000), and (3) accrued overpayment interest as of December 31, 1994 ( $491 million). <u>Id.</u> Under Exxon's interpretation, the lower GATT rate would apply only to basket (2); the higher regular rate would apply to everything else.

This is a misreading of § 6621. The first line of § 6621(a)(1) states "<u>The</u> overpayment rate established under this section shall be the sum of . . ." Use of the definitive article "the" in the statute supports a conclusion that there is one overpayment rate for each overpayment situation. The rest of the section, in subparts (A) and (B) preceding the GATT Amendment language, states that the rate is the Federal short term rate plus either 3 percentage points or 2 percentage points for corporations.

> (1) Overpayment rate. The overpayment rate established under this section shall be the sum of--
>> (A) the Federal short-term rate determined under subsection (b), plus

(B) 3 percentage points (2 percentage points in the case of a corporation).

26 U.S.C. § 6621(a)(1).

The GATT amendment follows. A close reading of its language reveals that it merely provides a substitute for the corporate add-on to the Federal short term rate if the overpayment of tax exceeds $10,000. It does not create a new overpayment rate only applicable to the principal amount of the tax overpayment and another rate for overpayment interest. The GATT Amendment reads -

> To the extent that an overpayment of tax by a corporation for any taxable period (as defined in subsection (c)(3), applied by substituting "overpayment" for "underpayment") exceeds $ 10,000, subparagraph (B) shall be applied by substituting "0.5 percentage point" for "2 percentage points".

26 U.S.C. § 6621. The first phrase "to the extent that an overpayment of tax by a corporation . . . exceeds $10,000" defines when the new GATT rate becomes applicable to a corporation for a tax year, i.e. if its overpayment for a particular tax period exceeds $10,000. The rate in the GATT Amendment applies only if the corporate taxpayer overpays taxes by more than $10,000 in any tax year. The use of the phrase "overpayment of tax" does not mean that the GATT rate only applies to the tax principal and does not apply to any accrued interest on that amount at the effective date. It means that the $10,000 threshold amount is based on the original tax overpayment without regard to any accrued interest. There is no question in this case that Exxon's overpayment of tax exceeded $10,000 in each of the tax years at issue. The rest of the GATT Amendment explicitly refers back to § 6621(a)(1)(B) and simply changes the add-on rate for corporations from 2% to 0.5% for overpayments of tax meeting the $10,000 trigger.

Two courts which have addressed this issue have reached the same conclusion with slight

6

variations in reasoning.  See State Farm Mut. Auto. Ins. Co. v. Comm'r, 126 T.C. 28 (T. C.

2006); Gen. Elec. Co. v. United States, 384 F.3d 1307 (Fed. Cir. 2004).  In General Electric, the

entire amount of G.E.'s 1978 overpayment of over $15 million had been repaid as of the effective

date of the GATT amendment, but $810,000 in accrued interest remained unpaid.  G.E. argued

that the unpaid interest should continue to accrue interest at the regular rate until paid.  Id. at

1308.  G.E. argued that the phrase "overpayment of tax" in § 6621(a) limits the scope of the

change in corporate interest rates by the GATT amendment to the overpayment itself, not any

accrued interest.  Id. at 1310.  The Federal Circuit concluded that because §§ 6621 and 6611 are

integrally related - one establishing the right to interest on overpayments and the other setting the

applicable interest rate - the term overpayment must mean the same thing in both sections.  If the

accrued interest remaining owing to G.E. at January 1, 1995 is not part of the "overpayment,"

then there would be no statutory right to interest on that sum under § 6611.  Id. at 1311.


In State Farm, the taxpayer had an overpayment of tax in 1987 of over $56 million.  126

T.C. at 29.  The commissioner refunded that amount with interest on December 15, 2004, but

State Farm challenged the calculation of interest at the lower GATT rate.  Id.  State Farm, like

G.E. and Exxon in this case, argued that its accrued interest on the effective date of the GATT

Amendment should continue to accrue interest at the regular rate.  The Tax Court found that -

> The role of the phrase "overpayment of tax" is central to this dispute.  We find the
> phrase in question is a device to describe the occasion when the GATT rate is
> triggered for all interest computational purposes including compounding under
> section 6622.  We do not read the phrase "overpayment of tax" as a limitation on
> the scope of the applicability of the changed rate once triggered.

Id. at 32-33.  The court further found no support to bifurcate the interest rate between

compounding and original tax overpayment.  Id. at 33-34.

IV.

Based on the plain language of the GATT Amendment, the Tax Court correctly concluded that the GATT rate applies to accrued interest on tax overpayments over $10,000, as well as to the principal tax overpayment, after the effective date of the amendment.  For the foregoing reasons, the judgment of the Tax Court is affirmed.

AFFIRMED.